## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OMAR MORRISON and | : | |
| ANTHONY WILLIAMS, | : | |
| on behalf of themselves and all others similarly | | |
| situated, | : | |
|      Plaintiffs, | : | |
| | : | |
|     -vs- | : | Civil No. 3:08CV616 (PCD) |
| | : | |
| STAPLES, INC. and DOES 1 THROUGH 10 | | |
| inclusive, | : | |
|      Defendants. | : | |

### RULING ON DEFENDANT'S MOTIONS TO TRANSFER AND DISMISS

Plaintiffs brought a nationwide collective action under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.,* and class actions under the Connecticut Minimum Wage Act ("CMWA") Conn. Gen. Stat. § 31-58 *et seq.,* and the Michigan Minimum Wage Law of 1964 ("MWL") M.C.L. § 408.381 *et seq.* [Compl. Doc. 1]. On June 12, 2008, Defendant Staples brought this Motion to Dismiss. [Doc. No. 14]. On June 16, 2008, Defendant Staples brought this Motion to Transfer. [Doc. No. 15]. On July 24, 2008, Plaintiffs responded to these motions [Doc. Nos. 20, 21] and on August 7, 2008, Defendant replied. [Doc. Nos. 22, 23]**.**

### I.     BACKGROUND

The named Plaintiffs, Omar Morrison and Anthony Williams, were "Assistant Managers" employed by Defendant Staples. Plaintiffs bring a nationwide collective action on behalf of all Assistant Managers employed by Defendant, or any other parent, subsidiary, related or successor company. Plaintiffs define "Assistant Managers" as individuals who were employed by

1

Defendant in a retail store location with the job titles of Assistant Manager, Operations Manager, and/or Sales Manager. (Compl. ¶¶ 1,2.)

Plaintiff brings this suit on behalf of three classes of similarly situated persons, composed of: (1) all current and former Assistant Managers, excluding California residents, who have worked for Defendant from April 24, 2005 to April 24, 2008, who elect to opt-in to the action, (2) all current and former Assistant Managers employed by Defendant in a retail store in the State of Connecticut who do not opt-out of this action; and (3) all current and former Assistant Managers employed by Defendant in a retail store in the State of Michigan who do not opt-out of this action. (Id. ¶ 6.)

Plaintiffs and other members of the class were Assistant Managers who regularly worked in excess of forty hours per week.  Plaintiffs claim that they regularly spent more than fifty percent of their time performing non-managerial functions.  (Id. ¶¶12-13.)  Plaintiffs allege that Defendant failed to pay the minimum wage for all the hours they worked and failed to pay overtime at the rate of one and one-half times the regular rate for hours worked in excess of forty in a given week. (Id. ¶¶ 8-11.)  Plaintiffs assert that Defendant willingly and unlawfully classified its Assistant Managers as exempt from overtime compensation.  Plaintiff claims that "although Assistant Managers bear the title of 'manager' their primary duties are not managerial....they do not regularly exercise independent judgment regarding matters of significance."  Their duties primarily consist of assisting customers, stocking shelves and working the cash register. (Id. ¶¶ 18-20.)  Plaintiffs argue that the members of the classes were therefore wrongfully classified by Defendant as exempt from the FLSA, MWL, and CMWA requirement of premium overtime pay.

Plaintiffs' counsel filed similar actions in Pennsylvania State Court, Massachusetts State Court, and the United States District Court for New Jersey.  (Mot. to Dismiss at 2.)  Defendant brings these motions arguing that Plaintiff's Connecticut and Michigan state law claims should be dismissed and that this case should be transferred to the District of New Jersey because of the related action pending there.

## II.   STANDARD OF REVIEW for MOTION TO DISMISS

In deciding Defendant's motion to dismiss, the Court accepts as true the material facts alleged in the Complaint and draws all reasonable inferences in Plaintiff's favor.  See Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir. 1995) citing Hill v. City of New York, 45 F.3d 653, 657 (2d Cir. 1995).

The function of a motion to dismiss pursuant to Rule 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof."  Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (citation omitted).  Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally.  Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).  The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly,127 S. Ct. 1955, 1974 (2007).  Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65; see also Iqbal v.

3

Hasty, 490 F.3d 143, 155 (2d Cir. 2007) (declining to read Twombly's 'flexible plausibility standard' as relating only to antitrust cases).


III.      DISCUSSION of MOTION TO DISMISS

          **A. State Law Applies**

                    **1. Connecticut Minimum Wage Law**

          Defendant argues that the CMWA is inapplicable and Plaintiff's claims under the Act should be dismissed.  Conn. Gen. Stat. § 31-60 states: "any employer who pays or agrees to pay to an employee less than the minimum fair wage or overtime wage shall be deemed in violation of the provisions of this part."  Defendant argues, however, that this provision does not apply to claims that are also subject to the FLSA.

          Defendant relies on Davenport Taxi, Inc. v. Labor Com'r., 164 Conn. 233 (Conn. 1973).  In Davenport, the Connecticut Supreme Court held that the Connecticut Commissoner of Labor had no jurisdiction because the employer engaged in interstate commerce and was therefore subject to the FLSA.  However, the importance Defendant ascribes to this case is unwarranted.  The court in Davenport went on to state that: "as we read § 218 it allows state laws to apply to that part of interstate commerce covered by the FLSA only where the state hour and wage provisions are more beneficial to the laborer than those in the federal act."  Id. at 240.  In turn, § 218 states that: "(a) no provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter."  29 U.S.C. § 218.  Davenport's reading of this section as allowing claims under CMWA if they provide greater

4

protection than the FLSA is congruous with the plain reading of the statute.  This Court[1] as well as courts in other states have recognized that State labor laws with higher standards than the FLSA must be enforced.  See Santoni Roig v. Iberia Lineas Aereas de Espana, 688 F. Supp. 810, 818 (D.R.R. 1988); Aragon v. Bravo Harvesting, Inc., 1993 WL 432402 (D. Ariz. 1993).

By its own terms, Davenport is does not control the case at hand, as in this case the CMWA is more beneficial to laborers than the FLSA.  The Connecticut Minimum Wage, $7.65 per hour[2], is higher than the Federal Minimum Wage, $6.55 per hour.[3]  Furthermore, Connecticut's minimum wage has been higher than the Federal Minimum Wage since 1997[4] and therefore all plaintiffs in the potential class are entitled to recover under the higher Connecticut Minimum Wage.  The CMWA therefore applies here.


## 2.  Michigan Wage Law

Defendants make the same argument concerning Michigan's Wage Law.  Defendant claims that the state law does not apply when the employer is also subject to the FLSA.  However, the MWL specifically states that: "Sec. 14(1) this act does not apply to an employer who is subject to the minimum wage provisions of the fair labor standards act of 1938, 29 U.S.C.

---

[1]"To the extent that state law provides a greater remedy than the FLSA, Plaintiff would not be precluded from recovering under it."  Estanislau v. Manchester Developers, LLC, 316 F. Supp.2d 104, 112 n.2 (D. Conn. 2004) (Dorsey, J.).

[2]http://www.dol.gov/esa/minwage/america.htm#Connecticut, last accessed November 6, 2008.

[3] Effective July 24, 2008. http://www.dol.gov/esa/whd/flsa/, last accessed November 6, 2008.

[4] Compare http://www.ctdol.state.ct.us/wgwkstnd/wage-hour/history.htm with http://www.dol.gov/ESA/minwage/chart.htm, last accessed November 6, 2008.

201 to 219, unless those federal minimum wage provisions would result in a lower minimum hourly wage than provided in this act ... each of the following applies to an employer who is subject to this act only by application of this subsection: (a) section 4a does not apply.'"  M.C.L. §408.394; see also Allen v. MGM Grand Detroit, LLC, 260 Mich. App. 90 (Mich. App. 2003). As Michigan's Minimum Wage is $7.40[5], the application of only the FLSA would clearly result in a lower minimum hourly wage than provided for under the MWL.  Therefore, by its own terms, the MWL applies.

In turn, Section 4a, referred to above, states: "(1) Except as otherwise provided in this section, an employee shall receive compensation at not less than 1-1/2 times the regular rate at which the employee is employed for employment in a workweek in excess of 40 hours."  M.C.L. §408.384a.  However, this was line added to the previous version of the MWL on October 1, 2006.  The previous version simply stated: "the provisions of this act shall not apply to any employer who is subject to the minimum wage provisions of the federal fair labor standards act of 1938, as amended, except in any case where application of such minimum wage provisions would result in a lower minimum wage than provided in this act." (1998 version of M.C.L. §408.394.)  Plaintiff Williams, the named Plaintiff from Michigan, alleges that he was not employed by Defendant when the new version of the MWL was enacted. (Pl.'s Mem at 9 n. 9). Therefore, Plaintiff Williams can bring a claim for overtime under the MCL.  However, the complaint alleges that the class consists of "all current and former Assistant Managers within the state of Michigan."  Therefore, at least some of the class members will not be able to bring an overtime claim under the MWL.

--------

[5] http://www.dol.gov/esa/minwage/america.htm#Michigan, last accessed November 6, 2008.

**B. Preemption**

Defendant also argues that the CMWL and MWL are preempted by the FLSA. Defendant argues that the opt-out mechanism of Rule 23 is "inherently incompatible" with the opt-in scheme of FLSA collective actions.  Defendant relies heavily on Ellis v. Edward D. Jones & Co., L.P., 527 F. Supp. 2d 439 (W.D.P.A. 2007).  In Ellis, the court held that the Rule 23 opt-out procedure would "abridge, modify and/or enlarge substantive rights under the FLSA," a violation of the Rules Enabling Act, 28 U.S.C. § 2702.  Ellis found that the use of Rule 23 for state classes "making claims similar or identical to those made under the FLSA" obviates the protections for employers by the opt-in procedure.  The court held that Congress intended to preempt state class actions, which were becoming a flood of litigation, by enacting the opt-in procedure.

However, the Ellis court also noted that "the terms of the saving clause...establish a wage and hour 'floor' above which the states are free to rise." Id. at 451.  The FLSA  "leaves undisturbed 'the traditional exercise of the states' police powers with respect to wages and hours more generous than the federal standards." Id. at 452.  Both Connecticut and Michigan have higher minimum wages than the FLSA.  Even Ellis recognized that Congress did not intend to preempt the ability of states to set higher minimum wages and provide their workers additional protection above the FLSA 'floor'.

Other cases that rely on Ellis have dismissed state law claims that are "immaterial." Woodard v. FedEx Freight East, Inc., 250 F.R.D. 178, 183 (M.D.P.A. 2008); see also Burkhart-Deal v. Citifinancial, Inc., 2008 U.S. Dist. Lexis 44469 at *6 (W.D.P.A. 2008)(dismissing state wage law claims because of a "mirror-image" FLSA collective action).  Plaintiffs' state law

claims are not immaterial (or identical) as they would allow the recovery of higher wages if a violation of minimum wage provisions were found.  As the state law claims potentially provide for greater recovery they cannot be disregarded.

Furthermore, other courts disagree with the Ellis analysis. see Bouaphakeo v. Tyson Foods, Inc., 564 F. Supp. 2d 870, 886 (N.D. Iowa 2008)(critizing Ellis and holding that the FLSA does not generally preempt state law claims).  For example, Damassia v. Duane Reade, Inc. 250 F.R.D. 152, 164 (S.D.N.Y. 2008), held that "Ellis reaches its conclusion based on the somewhat counter-intuitive proposition that while the opt-out requirement of Rule 23 is 'procedural' the opt-in requirement of the FLSA is 'substantive' and that therefore the Rules Enabling Act requires that the former yield to the latter."

Importantly, the controlling precedent in the Second Circuit disagrees with Ellis.  In Overnite Transportation Co. v. Tianti, 926 F.2d 220, 222 (D. Conn. 1991), the court held that the FLSA "explicitly permits states to mandate greater overtime benefits" and that "state overtime wage law is not preempted by the MCA or the FLSA."  The courts of the Second Circuit have followed Overnite and "it is routine in the Second Circuit to certify state labor law classes in FLSA actions."  Guzman v. VLM, Inc., 2008 WL 597186 at *10 (E.D.N.Y. 2008)(holding that the "cases which rely solely on the theory of inherent incompatibility are simply wrongly decided under an imaginary legal doctrine").  "It is settled in the Second Circuit that the FLSA does not preempt state wage and hour laws and hence there is no reason that FLSA's collective action procedure is incompatible with maintaining a state law class action over the same conduct." Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 162 (S.D.N.Y 2008)(citations omitted).

8

As support for their position from within the Second Circuit, Defendants rely on Neary v. Metropolitan Prop. and Cas. Ins. Co., 472 F. Supp. 247 (D. Conn. 2007), in which the court refused to exercise supplemental jurisdiction over class action claims under various states' wage and hour laws.  However, in Neary, the court declined to exercise supplemental jurisdiction not because the state claims were preempted[6] but because there were claims under all 50 states' wage and hour laws and those claims involved novel and complex issues of state law.

In conclusion, although there is some disagreement between courts over the issue of preemption and the incompatibility of the FLSA and Rule 23 class actions, the precedent within the Second Circuit is clear.  Furthermore, this Court finds the reasoning of cases such as Guzman and Damassia more persuasive than the reasoning of Ellis.  It is counter-intuitive to argue that Rule 23 is procedural while FLSA's opt-in requirement is substantive.  It is also counter-intuitive to hold that the opt-in procedure trumps the substantive provision of the "savings clause," which states: "no provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter." 18 U.S.C. § 218.  The FLSA was not intended to preempt the more protective substantive rights given by the setting of Connecticut and Michigan minimum wage laws.

IV.     MOTION TO TRANSFER

Defendant filed a Motion to Transfer Pursuant to 28 U.S.C. §1404.  Defendant argues that this case should be transferred to the District of New Jersey where there is a pending

---

[6] In fact, the court noted that "the Second Circuit has explicitly held that the FLSA does not preempt state wage and hour statutes." Neary v. Metropolitan Prop. and Cas. Ins. Co., 472 F. Supp. 247, 251 (D. Conn. 2007).

certified collective action seeking overtime on behalf of employees who have been employed by Staples as Sales Managers across the country. (Mot. to Transfer at 2.)  Section 1404(a) of Title 28 of the United States Code provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A district court is given broad discretion in making determinations of convenience and fairness under Section 1404(a).  D.H. Blair & Co., Inc. v. Gottdiener, 462 F. 3d 95, 106 (2d Cir. 2006).  In making this decision, courts typically consider the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."  Id. at 106-7 (citing Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)).  In addition to these factors, "other courts have identified two additional factors: (1) 'the forum's familiarity with the governing law'; and (2) 'trial efficiency and the interest of justice, based on the totality of the circumstances.'"  Jones v. Walgreen, Co., 463 F. Supp. 2d 267, 271 (D. Conn. 2006) (citations omitted).  "The burden of justifying transfer of venue ... lies with the moving party, who must make a clear and convincing showing that transfer should be made."  Paragon Realty Group LLC v. Lecates, 2007 WL 419617 at *4 (D. Conn. 2007)(citations omitted).

As Defendant argues, the interests of justice is the most important factor.   The "interests of justice" component may be determinative in particular cases."  Murray v. C.H. Robinson Worldwide, Inc., 2007 WL 844638 at *2 (N.D. Ill. 2007).  Here, the "interests of justice, based on the totality of the circumstances" do not weigh in favor of transfer.  The New Jersey action

covers only a subset of the claims in this action.  The New Jersey FLSA collective action was certified as "current and former sales managers."  Stillman v. Staples, Inc., 2008 US Dist. Lexis 32853 (D. NJ Apr. 22, 2008).  The proposed class in Connecticut, however, is broader.  It includes Operations Managers, Assistant Managers and Sales Managers.  In the action before this court, the named Plaintiffs are Operations Managers.  It is against the interests of fairness to transfer this broader case for treatment in consolidation with a more narrow case.  Although the two cases will involve similar issues, transfer may exclude many Plaintiffs - including the named Plaintiffs - from participation.  The interests of justice counsel towards letting this action proceed in Connecticut in order to afford named Plaintiffs and other Operations Managers the access to the courts that they seek.


**V.      CONCLUSION**

        Defendant's Motion to dismiss [Doc. No. 14] and Defendant's Motion to Transfer [Doc. No. 15] are **denied.**

        SO ORDERED.

        Dated at New Haven, Connecticut, this   13th  day of November, 2008.


                                        _____
                                                /s/
                                        Peter C. Dorsey, U.S. District Judge
                                        United States District Court

11